IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY LYNN NEUBAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-357-E |
| ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

O R D E R

AND NOW, this 11th day of January, 2024, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for benefits under Subchapters II and XVI of the Social Security Act, 42 U.S.C. §§ 401, 1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)). *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse,

merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff raises several arguments on appeal. She first contends that the administrative law judge ("ALJ") erred in formulating her mental residual functional capacity ("RFC") by adopting limitations different from those opined by the state agency psychiatric consultants. (Doc. No. 11 at 5-10). She also contends that the ALJ's Step Four finding was erroneous because there is a conflict between her RFC and the reasoning level of her past relevant work. (*Id.* at 10-15). After careful review, the Court disagrees with the Plaintiff and finds that substantial evidence supports the ALJ's decision.

> The ALJ crafted Plaintiff's RFC as follows:
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can climb ramps and stairs occasionally. She can never climb ladders, ropes, or scaffolds. She can frequently balance and stoop, occasionally kneel, frequently crouch, and never crawl. She should avoid concentrated exposure to dust, odors, fumes, and pulmonary irritants, extreme cold, and extreme heat. The claimant is able to perform simple, routine, and repetitive tasks. She can exercise adequate judgment in the work setting.

(R. 26). The ALJ formulated this RFC upon consideration of the entire record, including the opinions of state agency psychiatric consultants, Jan Louise Melcher, Ph.D., and Douglas P. Schiller, Ph.D. Each consultant opined that Plaintiff can "understand, retain and follow simple instructions, i.e., perform one and two-step tasks . . . [and that Plaintiff] can make simple decisions. She would not require special supervision in order to sustain a routine. [She] would be able to perform simple, routine, repetitive tasks in a stable environment." (R. 93, 95, 111-13, 137-38, 163).

Relying on this RFC, the ALJ at Step Four decided that Plaintiff could perform her past relevant work as a cashier. (R. 31). The Dictionary of Occupational Titles ("DOT") assigns jobs, among other qualifications, a General Educational Development level, which includes a reasoning level from 1 to 6. Plaintiff's past work as a cashier (DOT # 211.462-010) has a reasoning level of 3 – requiring the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form[]" and the ability to "[d]eal with problems involving several concrete variables in or from standardized situations." Cashier II, DOT #211.462-010.

Plaintiff contends that the ALJ inaccurately formulated her RFC and, as a result, arrived at an erroneous Step Four finding. (Doc. Nos. 11; 14). Specifically, Plaintiff argues that the ALJ erred by not adopting the state agency psychiatric consultants' opined limitation that Plaintiff can perform only one and two step tasks. (Doc. No. 11 at 5-9). Further, Plaintiff posits that the "simple, routine, and repetitive tasks" limitation in her RFC conflicts with the ALJ's Step Four finding as the job of cashier has a reasoning level of three. (*Id.* at 10-15). In support of this, Plaintiff points to the Vocational Expert ("VE") Handbook, which states "there is an apparent conflict between a job that requires reasoning level 3, and a hypothetical individual that can perform only 'simple' or 'repetitive' tasks." (*Id.* at 14 (quoting Soc. Sec. Admin., Off. Of Hr'gs Ops., Off. Of the Chief ALJ, Vocational Expert Handbook, at 39 n.50 (2020)).

Naturally, Defendant disagrees. Defendant argues that substantial evidence supports the ALJ's mental RFC assessment, as the ALJ relied on multiple sources of evidence in assessing the RFC, including the state agency consultants' opinions, Plaintiff's subjective complaints, Plaintiff's longitudinal treatment course, and Plaintiff's activities of daily living. (Doc. No. 13 at 9-13). Next, Defendant posits that Plaintiff can return to her past work as a cashier, as there is no *per se* conflict between a job requiring level 3 reasoning and a finding that Plaintiff should be limited to simple and routine work. (*Id.* at 14-16). Defendant also counters that the VE Handbook is outside the record and not binding upon the ALJ. (*Id.* at 15).

The Court rejects Plaintiff's arguments and finds the ALJ's decision is supported by substantial evidence. The Court is unpersuaded by Plaintiff's argument that the ALJ erred by not accepting the state agency psychiatric consultants' opinions that Plaintiff should be limited to one and two step tasks. The Court first notes that an ALJ "is not required to accept all medical opinions in crafting the RFC, [although] he must give some reason for discounting the evidence he rejects." *Mitchell v. Colvin*, No. 14-998, 2015 U.S. Dist. LEXIS 38530, at *4 (W.D. Pa. Mar. 26, 2015); *see Wilkinson v. Commissioner Social Sec.*, 558 Fed. Appx. 254, 256 (3d Cir. 2014) (citations omitted) (explaining that "no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight[]"). Here, the ALJ did not err by refusing to accept this specific limitation, as the consultants stated their opinions by noting that Plaintiff can perform one and two step tasks ***and*** that Plaintiff could perform simple, routine, and repetitive tasks. (R. 93, 95, 111-13, 137-38, 163). Moreover, the ALJ correctly evaluated all the evidence and concluded that Plaintiff should be limited to simple, routine, and repetitive tasks. (R. 26). As Defendant points out, the ALJ relied on many sources of evidence that supported limiting Plaintiff to simple, routine, and repetitive tasks. (Doc. No. 13 at 10). For instance, Plaintiff's longitudinal treatment course showed that Plaintiff only exhibited an impaired memory during one visit in a nearly three-year period. (R. 30-31). Further, Plaintiff reported she was able to perform many tasks at home, drive a car, and was independent in much of her daily life. (R.

3

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 10) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 12) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf:       Counsel of record

---

28).  Accordingly, the evidence as a whole and the state agency medical consultants' opinions demonstrated that Plaintiff could perform simple, routine, and repetitive tasks.

The Court also rejects Plaintiff's second argument, as there is no *per se* conflict here between Plaintiff's past work as a cashier, which includes a reasoning level of 3, and Plaintiff's RFC limiting her to simple, routine, and repetitive tasks. Indeed, the Third Circuit Court of Appeals has made clear that "there is no bright-line rule stating whether there is a *per se* conflict between a job that requires level 3 reasoning and a finding that a claimant should be limited to simple and routine work." *Zirnsak v. Colvin*, 777 F.3d 607, 618 (3d Cir. 2014). Plaintiff argues there is an apparent conflict here between the reasoning level required for her prior work as a cashier and her RFC and cites persuasive authority to show this conflict, including the VE Handbook and holdings from non-binding circuit courts. (Doc. No. 11 at 13-14). The Court is not persuaded by these arguments. *See Mederios v. Saul*, 2020 WL 4583871, at *10 (D. Mass. Aug. 10, 2020) (stating "the VE handbook is not a source of law that binds this court, [and] does not bestow upon claimants any judicially enforceable rights . . ."). Any apparent conflict here was adequately addressed consistent with *Zirnsak*.

Accordingly, the Court affirms.

4